# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARYLAND CASUALTY COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-13-2452 |
| ILIGHT TECHNOLOGIES, INC., *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 7] filed by Defendant Clutch City Sports & Entertainment, LP ("Clutch City"), to which Plaintiff Maryland Casualty Company filed a Response [Doc. # 8]. Also pending is Plaintiff's Motion for Stay or Abatement ("Motion for Stay") [Doc. # 9]. Defendant did not file a reply in support of its Motion to Dismiss or a response in opposition to the Motion for Stay. Having reviewed the full record and applicable legal authorities, the Court **denies** the Motion to Dismiss, **grants** the Motion for Stay, and **stays and administratively closes this case**.

Plaintiff filed this declaratory judgment action seeking a declaration that it owes no indemnity for a state court judgment entered against its insured, iLight Technologies, Inc. (iLight has not appeared in this case), and in favor of Defendant

Clutch City.  After this lawsuit was filed, the state court judgment was reversed by the First Court of Appeals in Houston, which rendered judgment in favor of Plaintiff's insured.  The state court case remains pending subject to a motion for rehearing and a petition to the Supreme Court of Texas.

Clutch City seeks dismissal of this lawsuit, arguing that there is no longer a case or controversy between the parties in light of the appellate court's reversal of the trial court's judgment.  This Court concludes, however, that the state court lawsuit has not reached a final disposition because it remains on appeal with a pending motion for rehearing and a pending petition for review by the Texas Supreme Court.  An actual controversy between the parties regarding an insurance company's duty to indemnify its insured exists until such time as the insured's liability has been finally resolved. *See Fed. Ins. Co. v. CompUSA, Inc.*, 2001 WL 1149109, *1 (N.D. Tex. Sept. 26, 2001) (citing *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273–74 (1941); *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949); *Monticello Ins. Co. v. Patriot Sec., Inc.*, 926 F. Supp. 97, 101 (E.D. Tex. 1996)).  As a result, dismissal of this declaratory judgment action at this time is improper.

The Court, having considered the interests of the parties and the interests of judicial economy, concludes that this lawsuit should be stayed until such time as the state court proceedings are finally resolved.  If the Court of Appeals' judgment in

favor of Plaintiff's insured is upheld, the indemnity issue would likely be moot. Additionally, it appears that Clutch City's only objection to a stay is that it prefers a dismissal without prejudice. Accordingly, it is hereby

**ORDERED** that Defendant Clutch City's Motion to Dismiss [Doc. # 7] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for Stay or Abatement [Doc. # 9] is **GRANTED**. This case is **STAYED AND ADMINISTRATIVELY CLOSED** pending final resolution of the underlying state court proceedings. It is further

**ORDERED** that the parties shall file a written status report on **December 23, 2013**, and every sixty (60) days thereafter until this case is either reinstated on the Court's docket or dismissed.

SIGNED at Houston, Texas this 24th day of **October, 2013**.

_____
Nancy F. Atlas
United States District Judge